**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHELLE ROBERTS | ) |
| 575 12th Road South | ) |
| Apartment 1410 | ) |
| Arlington, VA 22202 | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. _____ |
| | ) |
| EQUINOX SC D.C., INC | ) |
|     t/a EQUINOX SPORTS CLUB | ) |
| 1170 22nd St NW | ) |
| Washington, DC 20037 | ) |
| | ) |
|   Serve: | ) |
|       Paracorp Incorporated | ) |
|       Registered Agent | ) |
|       1100 H Street NW | ) |
|       Suite 840 | ) |
|       Washington, DC 20005 | ) |
| | ) |
| and | ) |
| | ) |
| EQUINOX HOLDINGS, INC. | ) |
| 895 Broadway | ) |
| 3rd Floor | ) |
| New York, NY 10003 | ) |
| | ) |
|   Serve: | ) |
|       C T Corporation System | ) |
|       Registered Agent | ) |
|       28 Liberty St. | ) |
|       New York, NY 10005 | ) |
| | ) |
|       Defendants. | ) |

**COMPLAINT TO REMEDY DISCRIMINATION AND RETALIATION IN
EMPLOYMENT**

## Introduction

1.      Equinox Sports Club has a marketing model centered on projecting a young, hip, bubbly brand to attract younger customers.  Michelle Roberts, who worked for the company for four years and consistently earned a spot among the top sales performers for Equinox, did not fit the "young" brand.  Labelled the "Mama Bear" of the sales team, her colleagues mocked her age and her managers warned her to find a way to fit the "Equinox brand."  Notwithstanding her consistently strong sales performance, Equinox terminated Roberts because of her age, and because she complained about age discrimination.  Equinox's actions violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and the DC Human Rights Act, D.C. Code §§ 2-1401 *et seq.* and Plaintiff seeks relief for the injuries she has suffered.

## Venue, Jurisdiction, and Parties

2.       This is an action to remedy defendants' conduct in terminating plaintiff because of her age and because she opposed discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, seeking back pay, re-instatement, and other relief for discrimination in employment based on age, as well as under District of Columbia law including the DC Human Rights Act (DCHRA), D.C. Code §§ 2-1401 *et seq.*  This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).  Venue is proper in this Court because the discriminatory employment practices challenged in this action took place in the District of Columbia, and plaintiff was employed in this judicial district.

3.       Plaintiff, Michelle Roberts, is a 55-year old resident of Virginia, who was formerly employed by defendants as a Member Advisor.  Roberts was an "employee" of Equinox as that term is defined in the ADEA and DCHRA.  At the time of her firing, Roberts was in the age group protected by the ADEA.

4.      Defendant Equinox Holdings, Inc. is a privately-held, for-profit company that operates fitness facilities and gyms across the nation.  It is headquartered in New York, NY.  It is a subsidiary of The Related Companies, L.P.  Equinox Holdings, Inc., which owns the various Equinox fitness clubs around the nation.

5.      Defendant Equinox SC D.C., Inc., t/a Equinox Sports Club, is an incorporated company in D.C. licensed to operate as a general business, massage establishment, and health spa.  It is located at 1170 22nd St NW, Washington, DC 20037.

6.      The Equinox brand is comprised of a complex corporate structure including, *inter alia*, (1) Equinox Holdings, Inc., headquartered in New York, (2) Equinox Sports Club in Washington D.C., which is Equinox SC D.C.'s trading name, and (3) the regional Central Region Equinox, located at 3811 Turtle Creek Blvd, Suite 760, Dallas, TX 75219.  To the extent that the Equinox brand is spread among various corporations, plaintiff alleges that all corporate entities within Equinox's corporate structure that had any role in plaintiff's hiring, firing, and pay, supervision, and management, operated as joint and/or integrated employers and should be considered her employer with responsibility for discrimination and retaliation experienced by plaintiff as an Equinox Member Advisor.  Equinox is an "employer" as that term is defined in the ADEA and DCHRA.  At all relevant times, Equinox had more than 30 employees.

7.      At all relevant times, plaintiff received payment and W-2s from Equinox Holdings, Inc., worked at the physical location of Equinox Sports Club, 1170 22nd St NW, Washington, DC 20037, and interacted with the regional Central Region Equinox during the course of her employment.

**Factual Background**

8.      Plaintiff Michelle Roberts is a skilled sales and customer relations representative, with over ten years of experience in the field.

9.      Roberts joined Equinox as an employee in July 2014, when Equinox took over Roberts' former employer, Sports Club LA.  She was arguably Equinox's most stellar salesperson.  During her four-year tenure at Equinox, she met or exceeded her sales goals for 48 straight months, and received multiple bonuses and awards for her performance at the top of the sales team.  Her strong work ethic was noted by both her managers and peers.

10.      Roberts earned Equinox's "Urban Advisor of the Year" awards in both 2015 and 2016, making her the only back-to-back winner of this honor in recent times.  She was frequently included on Equinox's "Club 125" list for being within the Top 15 Membership Advisors across the global markets.  In order to qualify for the "Club 125," Membership Advisors had to have at least 25 sales in each month and have top sales performance, performing at 125% to plan for a period of six months.  Roberts' exemplary performance continued right up to the time she was fired on May 23, 2018.  Just five days earlier, Equinox notified Roberts that she was again on track for "Club 125" recognition.

11.      Despite Roberts' outstanding performance, she was mocked and denigrated for her age.  All of the other Member Advisors in the DC Region were much younger than Roberts, around 30 years old or below.  Roberts was told that she did not "fit" Equinox's younger brand.

12.      Regional Sales Manager Justin Zubradt asked Roberts to interview potential hires, and emphasized that Equinox was looking for younger employees.  Zubradt repeatedly told Roberts that "you don't fit the brand" that Equinox wanted to project to its customers, and that he was looking for "hip" and "young" staff members "to attract younger customers."

13.     Zubradt compared Roberts unfavorably to another sales woman, Alexandra ("Lexie") Karolyi, who he praised as "young and bubbly."  Karolyi was identified as fitting the model image employee, notwithstanding the fact that she rarely hit her sales targets.  Zubradt asked Roberts to assist Karolyi to help her to boost her performance.  Karolyi's sales shortcomings were overlooked because she contributed to the team by fitting Equinox's youthful brand.

14.     On several occasions, including in or around February 2018, just a few months before Roberts was fired, she noted to General Manager Nick Aliferis that several sales team members who were not meeting their sales goals seemed to spend quite a bit of time loudly singing and dancing during business hours.  Aliferis dismissed Roberts' concern by telling her that she would "just have to learn to deal with it," and again told her to "better fit the brand."

15.     The other staff member picked up on management's attitude towards Roberts, and constantly referred to her as "Mama Bear."  They taunted her that "you wouldn't understand, it's not your generation" when having casual conversations.

16.     Equinox's Central Region Sales Director, Eilis Fyda, told Roberts that Aliferis was more engaged with Roberts' colleagues because they were young and Aliferis could relate to them.  Similarly, Equinox's Regional Vice President of Operations, Tom Krieger, told Roberts that, "You always work well with the older members because they can relate to you."

17.     Amanda Walker, Assistant General Manager, also targeted Roberts because of her age.  She admonished Roberts to "update your look" to better fit the club's image.  Walker warned Roberts that "I'm going to make it my mission to fire you."

18.     Roberts complained to several managers and Human Resources officials about the age-based disparate treatment she was experiencing.  After she complained, she was

threatened by her boss.  When Aliferis found out that Roberts had spoken to the Equinox Central

Region Human Resources, he called her into his office and told her that if she had a problem, she

should come to him and not to HR.

19.     On May 23, 2018, Equinox summarily terminated Roberts' employment.  On that

date, Aliferis and Zubradt asked Roberts to join them in a meeting in Aliferis' office in the early

evening.  They told Roberts they wanted to discuss a "questionable" sale that Roberts had made.

Roberts was fired at this meeting.

20.     The reason given by Aliferis for firing Roberts was a sale Aliferis claimed should

have been entered as a renewal.  By company policy, transactions were allowed to be entered as

a sale instead of a renewal when the individual had not been a member for more than 90 days.

Roberts explained during the meeting on May 23, 2018, that based on the company policy and

the information in the company's computer records, she had made a legitimate sale, as the

transaction was allowed to be entered as a sale instead of a renewal.  However, instead of

investigating the issue, Equinox fired Roberts on the spot without looking into her response to

the allegation.

21.     Equinox characterized this as an "integrity" issue, damaging Roberts' stellar

reputation.  She was accused of "stealing from the company."

22.     Roberts was escorted to her office to clean out her personal items, and escorted

out of the building.

23.     Roberts was responsible for upwards of a thousand transactions per year, yet was

fired over one questionable transaction.  Equinox made no effort to look into Roberts' response

to the allegation.

24.     Equinox used this transaction as an excuse to get rid of Equinox's oldest and best performing employee in DC.

25.     Equinox did not fire younger staff members who admittedly mischaracterized these types of transactions to benefit from a new sale.  For younger staff members, these mistakes were overlooked and even condoned by Aliferis.  For example, one month prior to Roberts' firing, Karolyi entered a sale that should have been a renewal, and when Aliferis brought the sale up at a daily sales meeting, he said that he would not bring the mistake to Member Services' attention because Equinox DC needed the sale.  Although both Aliferis and Zubradt were aware of Karolyi's infractions, they did not take action against her.  Equinox subjected Roberts to different and more onerous treatment regarding these types of transactions, because of her age.

26.     Equinox's only explanation for firing Roberts was pretextual.

27.     Equinox's unlawful firing of Roberts was discriminatory, retaliatory, and/or some combination of both.  The actions of Equinox were intentional, malicious, willful, wanton, and in reckless disregard of the rights of plaintiff Roberts.  Equinox' actions were intended to, and did inflict, significant harm on plaintiff, including loss of her job and income, additional financial losses, a threat to her family's financial security, damage to her reputation, and humiliation, emotional distress and loss of enjoyment of life.  These actions were undertaken by high level managers, and ratified and condoned by high level executives within the company.

### Exhaustion of Administrative Remedies

28.     All prerequisites to this suit have been satisfied.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on January 18, 2019.  That EEOC charge has been pending for more than sixty days.

## COUNT ONE

**(Discrimination under the Age Discrimination in Employment Act)**

29.    Plaintiff hereby incorporates all allegations made herein.

30.    Defendants fired plaintiff because of her age in violation of the Age Discrimination in Employment Act.  Equinox's discriminatory actions were willful.

## COUNT TWO

**(Retaliation under the Age Discrimination in Employment Act)**

31.    Plaintiff hereby incorporates all allegations made herein.

32.    The actions of defendants described herein, including but not limited to firing Roberts, were taken wholly or partially because she opposed discrimination based on age. Plaintiff engaged in protected activity by complaining about discrimination, and her actions are protected by law from retaliation.

33.    Defendants fired plaintiff because of her protected activity, either alone or in combination with other factors.

34.    Defendants' retaliatory conduct was willful.

## COUNT THREE

**(Discrimination under the DC Human Rights Act)**

35.    Plaintiff hereby incorporates all allegations made herein.

36.    Defendants fired plaintiff because of her age. Equinox violated the DCHRA. D.C. Code § 2-1401.01, et. seq.  Defendants' discriminatory actions were malicious, willful, wanton, and in reckless disregard of the rights of plaintiff Roberts.

37.    As a result of Defendants' violations of the DCHRA, plaintiff has been injured, as detailed above.

## COUNT FOUR

### (Retaliation under the DC Human Rights Act)

38.     Plaintiff hereby incorporates all allegations made herein.

39.     The actions of defendants described herein, including but not limited to firing Roberts, were taken wholly or partially because she opposed discrimination based on age. Plaintiff engaged in protected activity under the DCHRA by raising concerns that she reasonably and genuinely held regarding Equinox's discriminatory treatment based on age.

40.     Defendants fired plaintiff because of her protected activity, either alone or in combination with other factors, in violation of the DCHRA, D.C. Code § 2-1402.61. Defendants' retaliatory actions were malicious, willful, wanton, and in reckless disregard of the rights of plaintiff Roberts.

### Relief

Plaintiff requests that this Court:

1)  declare that Equinox violated her rights under the ADEA and the DCHRA;

2)  award plaintiff back pay and all compensation, benefits and emoluments of her position, including but not limited to any bonuses, stock options, pensions or anything of value that she would have received but for Equinox's unlawful conduct;

3)  make plaintiff whole in all respects to the maximum extent possible, including but not limited to reinstatement to the position she would have occupied absent defendants' unlawful actions (including any subsequent promotions), correcting records and awarding or reinstating anything of value, whether tangible or intangible, that plaintiff was entitled to but for Equinox's unlawful conduct; in the alternative, if the Court does not award plaintiff reinstatement, then plaintiff seeks front pay to compensate for any future loss she may experience.

4)  award liquidated, exemplary and/or punitive damages as appropriate;

5)  award plaintiff compensatory damages for the non-monetary loss plaintiff suffered as a result of defendants' unlawful firing, including pain and suffering, emotional distress, anxiety, humiliation, loss of enjoyment of life, and other injuries defendants' actions have caused, in an amount to be proven at trial;

6)  award costs and reasonable attorneys' fees incurred in this action and the administrative claims that necessarily preceded it; and

7)  such other relief as the Court deems just or proper or as is available under the law.

### Jury Demand

Plaintiff requests a trial by jury.


Date:  August 1, 2019                    _____/s/_____
                                         Richard A. Salzman  422497
                                         Sharon T. Rogart * (*pro hac vice application forthcoming*)
                                         HELLER, HURON, CHERTKOF & SALZMAN
                                         1730 M Street, N.W.
                                         Suite 412
                                         Washington, D.C. 20036
                                         (202) 293-8090
                                         Fax: (202) 293-7110

                                         Counsel for Plaintiff